UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

BRENDA MATTISH

    Plaintiff,

vs.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY

    Defendant.

Case No.: 22
Hon.

---

**Patrick J. Derkacz (P48988)**
SERAFINI, MICHALOWSKI,
DERKACZ & ASSOCIATES, P.C.
Attorneys for Plaintiff
44444 Mound Rd., Suite #100
Sterling Heights, MI  48314
(586) 264-3756 / 3783-fax
patd@smdalaw.com

---

## PLAINTIFF'S COMPLAINT

**NOW COMES** Plaintiff, BRENDA MATTISH, by her attorneys, Patrick Derkacz and Serafini, Michalowski, Derkacz & Associates and for her Complaint against Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY, states the following:

1.    At all times relevant hereto, Plaintiff, BRENDA MATTISH, was a resident of Lachine, Michigan.

2.At all times relevant hereto, Defendant, Lincoln National Life Insurance Company is a foreign insurance corporation in good standing and continuously conducting business throughout the State of Michigan.

3.At all times relevant hereto, Defendant, Lincoln National Life Insurance Company was compensated for and provided long-term disability coverage pursuant to the terms of a group employee benefits plan provided for the benefit of Plaintiff, BRENDA MATTISH, and other employees, by the employer-Thunder Bay Community Health Services.

4.The long-term disability insurance policy issued by Defendant, Lincoln National Life Insurance Company, is a group employee benefit plan covered by and within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

5.The Lincoln National Life Plan was issued in the state of Michigan and therefore subject to Michigan's prohibition on the use discretionary clauses in disability insurance contracts.  Mich. Admin. Code r. 500.2202, Mich. Admin. Code r. 550.112 and Mich. Admin. Code r 550.320.

5.The terms of said contract of insurance obligated Defendant, Lincoln National Life Insurance Company, to provide Plaintiff, BRENDA MATTISH, with long-term disability benefits in the event that due to Injury/Sickness  she was unable to perform the Material and Substantial duties of her own (or any)

2

Occupation for which she was reasonably qualified taking into account her training, education and experience.

6. That Plaintiff, BRENDA MATTISH, suffers numerous medical conditions including Complex Regional Pain Syndrome, type 1 of the left lower extremity, Impingement syndrome Left shoulder, Degenerative Disc Disease annular tear, moderate neural foraminal stenosis, Lumbar Radiculopathy, Straightening of the Lumbar Lordosis, Chronic left knee pain with Fissuring and chondromalacia in the lateral patellar facet, CTS Left wrist. As a result, Plaintiff's conditions have made it impossible for her to work.

7. After initially approving and paying benefits Defendant, Lincoln National Life Insurance Company, wrongfully denied Plaintiff disability benefits.

8. Defendant's denial of benefits was arbitrary and capricious and was contrary to medical and other evidence that overwhelmingly supports Plaintiff's disability; Defendant's termination of Plaintiff's benefits therefore amounts to a breach of the contract for insurance.

9. Plaintiff, BRENDA MATTISH, has exhausted all appeals and/or reconsideration processes provided by Defendant; nevertheless, Defendant refuses to resume payment of benefits rightfully due and owing to Plaintiff.

10. Plaintiff, BRENDA MATTISH, is a person empowered to bring a civil action under 29 U.S.C. § 1132(a)(1)(B) to force the Defendant to comply with the

Act and resume payment of long-term disability benefits and other benefits provided by the Plan.

## COUNT I
## ACTION UNDER ERISA 29 USC 1132
## TO RECOVER FULL BENEFITS

11. Plaintiff incorporates by reference Paragraphs 1 through 10 as though fully set forth above.

12. Defendant has wrongfully denied disability benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff is totally disabled, in that due to Sickness or as a direct result of accidental injury she was unable to perform the duties of Any Occupation for which she was reasonably qualified taking into account her training, education and experience;

   b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff remains totally disabled;

   c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

   d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## Attorney Fees and Costs

13. By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to

Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

14. As a result of Defendant's wrongful termination of disability benefits, Plaintiff, BRENDA MATTISH, has sustained the following damages, including, but not limited to the loss of Plan Benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for the following:

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due disability benefits yet unpaid;

B. Order Defendant to pay past due disability benefits retroactive to the denial date to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand the claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Respectfully submitted,

**SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C.**

By: /s/ Patrick J. Derkacz
Patrick J. Derkacz (48988)
44444 Mound Rd., Ste. #100
Sterling Heights, MI 48314
(586) 264-3756

Dated: January 18, 2022

5